**FILED**
**1/25/2024**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
for the
_____ District of _____
Division

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Case No. 40

Ref. No.

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|

The application is based on these facts:

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Pursuant to Fed. R. Crim. P. 4.1, this Application is presented by reliable electronic means. The Applicant provided a sworn statement attesting to the truth of the statements in the Application and Affidavit by telephone.

*Victoria Rasmussen*
*Applicant's signature*

*Printed name and title*

Sworn to and affirmed by telephone.

Sworn to before me and signed in my presence.

*M. David Weisman*
*Judge's signature*

Date: _____

City and state: _____

*Printed name and title*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (708) 714-4724 ("**SUBJECT PHONE**"), THAT IS STORED AT PREMISES CONTROLLED BY AT&T | Case Number: 24 M<br><br>Hon. M. David Weisman<br>Magistrate Judge |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION
FOR A SEARCH WARRANT FOR HISTORICAL CELL SITE DATA**

I, Victoria Rasmussen, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number (708) 714-4724 (the "**Subject Phone**"), that is stored at premises controlled by AT&T, a wireless telephone service provider headquartered in North Palm Beach, FL ("Provider"). The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require Provider to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am a Special Agent with the Department of Veterans Affairs, Office of Inspector General, and have been so employed for four years. My current responsibilities include the investigation of violent crimes, including, among others, assault, sexual assault, and the apprehension of violent fugitives.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 875(c), (the "**Subject Offense**"), have been committed by NICHOLAS JOHN STISO. There is also probable cause to search the information described in Attachment A for evidence and instrumentalities of these crimes as further described in Attachment B.

## FACTS IN SUPPORT OF PROBABLE CAUSE

### *Background of the Investigation*

5. On multiple days in late December 2023, NICHOLAS JOHN STISO, a military veteran, placed telephone calls using the **Subject Phone** to the Veteran's Crisis Line, which is a free and confidential support line run by the U.S. Department of Veteran's Affairs offering prevention and crisis resources for veterans or their family members. As described further below, during those calls, STISO made threatening statements to the VA representatives with whom he spoke. Specifically,

2

STISO threatened to (i) kill an Oak Park police detective and "go after" his family; (ii) "shoot up" the Hines VA facility in the Northern District of Illinois; and (iii) commit violence against his VA social worker.

6. On or about January 1, 2024, STISO was charged by criminal complaint with the **Subject Offense**. *See* 24 CR 01 (Jantz, M.J.). STISO was released on bond to a VA mental rehabilitation program in Milwaukee, Wisconsin on January 23, 2024 after a detention hearing. (R. 18).

*December 21, 2023, Phone Calls to the VA Crisis Line*

7. On or about December 21, 2023, at approximately 3:44 p.m. EST, STISO, a former United States Marine, who resides on the 2100 block of Oak Park Avenue, in Berwyn, Illinois, called the Veteran's Crisis Line, using the **Subject Phone**.[1] At the time of the call, the VA representative with whom STISO spoke, Individual A, a Social Science Specialist, Crisis Responder, was located in Florida. The calls were recorded, and I have listened to the calls. After the first call was disconnected, Individual A called STISO back. In summary, during the second call, STISO stated that he wanted to kill a then-unidentified police officer who was

---

[1] STISO has been identified as the user of the Subject Phone in this call and the other calls referred to in this affidavit as follows: during one of the calls referred to in this affidavit, STISO identified himself by fully stating his name and giving his date of birth, and also identified himself by name in other calls. In addition, I am personally familiar with STISO based on multiple interactions and conversations I have had with him since December 21, 2023 and I know that voice of the caller in this call and the other calls referred to in this affidavit is STISO's.

3

investigating the death of STISO's girlfriend.[2] STISO also stated that he would kill the Detective A's family members.

8. During the recorded calls, STISO made the following directly quoted statements:[3]

- "My name is Nick Stiso. I am a pissed off veteran."

- [After Individual A asked if there was anyone Stiso was contemplating harming or killing]. "Any cop I could get my hands on."

- "Go into a cop station and shoot it up."

- [When asked about weapons] "I keep it [a gun] on me."

- "I already selected my target. So that's cool. It's going to be the department that didn't get justice for my girl [Individual B] who passed away."

- "I'm going to target that detective [Detective A] and the supervisor . . . can request to talk to them and then go from there . . . we'll go in an office room and that is when that will happen."

- "He [Detective A] is going to care when he gets to have [U/I] pointed at him [likely a gun]."

- [When asked about suicide] "No, I just want to take out cops."

- "I'm gonna get revenge for my girl. I'm gonna go the fuck in that department [Oak Park Police Department] I'm gonna shoot that fucking place up and that's

---

[2] Based on my knowledge of the investigation and the knowledge of other law enforcement officers, I know that the Oak Park, Illinois, Police Department was investigating the November 4, 2022, overdose death of Individual B, who was a former romantic partner of STISO. Detective A is assigned to this investigation and has worked with STISO, in the past, as part of this investigation. I believe that Detective A is the individual against whom Stiso directed his threats.

[3] These quotations are based on my review of the relevant recorded calls. At times in this affidavit, I have provided bracketed language to explain the calls. This bracketed language is based on my training and experience, the context and content of the calls, and my knowledge of the investigation and the knowledge of other law enforcement officers.

4

what's fucking gonna be it. I haven't decided when I am going to do it but it is going to be soon . . . no one's going to be able to stop me."

- "I am going to shoot them dead. Listen I don't give a shit, I don't really want to be here either, but I want to take them out. I want to get the fucking detective [Detective A] and take him out. I have the right to take his life . . . and if somehow I get out of there alive . . . I would take his state ID from his wallet and I'd go after his family, the kids would be next . . . I think his civilian car he drives is a red car."[4]

- "I have exhausted every peaceful resource and I'm about to pop and be physically violent at your hospital ground."

*December 24, 2023, Phone Calls to the VA Crisis Line*

9. On or about December 24, 2023, STISO, using the **Subject Phone**, spoke three times with the Veteran's Crisis Line. The calls were received by Individual C, a Social Science Specialist (crisis responder) beginning at approximately 1:55 p.m. EST. At the time of the calls, Individual C was located in New York State. The calls were recorded, and I have listened to the calls. During the first call, STISO made threats against the Edward Hines, Jr. VA Hospital, located in Hines, Illinois, and to his VA Social Worker, Individual D. During the recorded calls, STISO made the following directly quoted statements:

- "Nicholas Stiso, hurry up, fix the problem."

- "Yeah, I'm about to shoot up the Hines VA."

- "I'm convinced you want me to shoot up hospitals."

- "Do you want me to be a serial killer?"

- "You're about to have Columbine come to the Hines VA."

- "It's going to be really funny when I shoot people up and I walk

---

[4] Detective A does not own a red vehicle.

5

away a free man."

- "Hezbollah already has fucking sleeper cells in America, dumb ass, cannot wait to fucking join them the fuck up and bomb this fucking country."

- "I've already got one gun jackass, I am supposed to be getting a second one."

- "Patient advocate has been a struggle too, I am about to shoot them up too."

- "I have thoughts of joining Hamas and bombing America."

- "Fix my problems or I legally shoot up the Hines VA."

- "You're gonna make a note, ok Nicky says fuck up [Individual D]. You're gonna contact whoever it is you have to contact so she knows she is in trouble."

10. According to law enforcement databases and records from the Illinois Secretary of State, and based on my knowledge of the investigation, I believe that STISO resides on Oak Park Avenue, in Berwyn, Illinois. I have spoken with Stiso's parents,[5] who provided Stiso's cellular phone number as the **Subject Phone**.[6]

## REQUESTED PROVIDER DATA

11. In my training and experience, I have learned that Provider is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow

---

[5] STISO's parents also provided the information about STISO's former girlfriend, Individual B, which allowed law enforcement to identify the Oak Park Police Department as the target of Stiso's threats from on or about December 21, 2023, as described above.

[6] I served a subpoena for subscriber records on Provider on or about December 28, 2023, requesting records on or before January 15, 2024. As of the date of this writing, I have not received records from Provider.

6

them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in 8urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

12. Based on my training and experience, I know that Provider can collect cell-site data about the **Subject Phone**. I also know that wireless providers such as Provider typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes. I have confirmed with the provider that it likely currently possesses the information, particularly cell-site information, identified in Attachment B.I.

13. Based on my training and experience, I know that wireless providers such as Provider typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal

7

information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as Provider typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the **Subject Phone**'s user or users.

## AUTHORIZATION REQUEST

14. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

15. I further request that the Court direct Provider to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or

night.

                                  Respectfully submitted,

                                  *Victoria Rasmussen*
                                  Victoria Rasmussen
                                  Special Agent, VA OIG

Sworn to and affirmed by telephone on January 25, 2024

*M. David Weisman*
HON. M. DAVID WEISMAN
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (708) 714-4724 (the "**Subject Phone**"), that are stored at premises controlled by AT&T, headquartered in North Palm Beach, FL.

## ATTACHMENT B

## Particular Things to be Seized

I.  **Information to be Disclosed by the AT&T**

To the extent that the information described in Attachment A is within the possession, custody, or control of AT&T ("Provider"), including any information that has been deleted but is still available to Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period <u>December 20, 2023, to January 3, 2024</u>:

a. The following information about the customers or subscribers of the **Subject Phone**:

   i. Names (including subscriber names, usernames, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long-distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber

               Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

      vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

     viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

  b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the **Subject Phone**, including:

       i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses).

## II.   Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 18, United States Code, Section 875(c) (the **Subject Offense**) involving NICHOLAS JOHN STISO during the time period December 20, 2023, to January 3, 2024, including all information identified in Section I(a)(i) through (a)(viii).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by Provider in order to locate the things particularly described in this Warrant.

AO 93 (Rev. 11/13) Search and Seizure Warrant	AUSA

# UNITED STATES DISTRICT COURT
for the
_____ District of _____
Division

In the Matter of the Search of          )
*(Briefly describe the property to be searched*     )
*or identify the person by name and address)*      )  Case No.
                                                   )
                                                   )  Ref. No.
                                                   )

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:


I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:


**YOU ARE COMMANDED** to execute this warrant on or before _____ *(not to exceed 14 days)*
    ❐ in the daytime 6:00 a.m. to 10:00 p.m.     ❐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____.
                                                      *(United States Magistrate Judge)*

    ❐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
    ❐ for \_\_\_\_\_ days *(not to exceed 30)*  ❐ until, the facts justifying, the later specific date of _____.

Date and time issued: _____              *M. David Weisman*
                                                      *Judge's signature*

City and state: _____
                                                      *Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (708) 714-4724 (the "**Subject Phone**"), that are stored at premises controlled by AT&T, headquartered in North Palm Beach, FL.

## ATTACHMENT B

## Particular Things to be Seized

I. **Information to be Disclosed by the AT&T**

To the extent that the information described in Attachment A is within the possession, custody, or control of AT&T ("Provider"), including any information that has been deleted but is still available to Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period <u>December 20, 2023, to January 3, 2024</u>:

a. The following information about the customers or subscribers of the **Subject Phone**:

   i. Names (including subscriber names, usernames, and screen names);

   ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long-distance telephone connection records;

   iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v. Length of service (including start date) and types of service utilized;

   vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber

              Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

      vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

   b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the **Subject Phone**, including:

      i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses).

**II.**    **Information to be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of Title 18, United States Code, Section 875(c) (the **Subject Offense**) involving NICHOLAS JOHN STISO during the time period December 20, 2023, to January 3, 2024, including all information identified in Section I(a)(i) through (a)(viii).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by Provider in order to locate the things particularly described in this Warrant.

2

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** ||||
|---|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant ▮▮▮▮▮ left with: ||
| Inventory made in the presence of : ||||
| Inventory of the property taken and name of any person(s) seized: ||||

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                          _____
                                *Executing officer's signature*

                          _____
                                  *Printed name and title*